Rockingham,
Feb. 7, 1939.  } No. 3036.

THERESA M. HUBLEY, *Adm'x*

*v.*

ROLAND A. GOODWIN, *& a.*

*William H. Sleeper*, for the plaintiff.

*Hughes & Burns*, for the defendant.

BRANCH, J.   The plaintiff, by her bill, seeks to secure an amendment of the record of the judgment in the suit of *Goodwin* v. *City of Portsmouth and Hubley*.   That action was obviously a suit "growing out of" an "accident or collision" within this state, and under the statute, (P. L., *c.* 100, *s.* 32) service of any process in that action upon the Commissioner of Motor Vehicles would have constituted lawful service upon Goodwin.   We think it is equally obvious that the present proceeding to amend that judgment grows out of the same

accident or collision and that service of process therein was properly made upon the Commissioner of Motor Vehicles as Goodwin's attorney. The Superior Court, therefore, has jurisdiction under the statute above referred to.

Even without the aid of the statute, however, the court would have jurisdiction to entertain the prayer of the plaintiff's bill, which might properly have taken the form of a motion to bring forward the suit of *Goodwin* v. *City of Portsmouth and Hubley* and to correct the judgment entry therein. This is the usual form of procedure in cases where a correction of the record is sought. See cases collected in Hening, N. H. Dig. Title: Judgments, *pp.* 886-888. The old ideas that amendments of this kind could be made only during the term at which the judgment was entered and then only in accordance with evidence appearing upon the record, do not prevail in this jurisdiction. *Frink* v. *Frink*, 43 N. H. 508. "Every court exercising a continuing jurisdiction—having an office for the preservation of its records, and the charge of those records by a proper officer—has, by law, an implied authority to amend its records, to make them conform to the facts and truth of the case." *Frink* v. *Frink, supra.* As a corollary to this proposition it follows that jurisdiction, once acquired over the parties to a suit, continues so long as action by the court for the purpose of making a true record may be necessary. Consequently upon motion to correct a judgment entry, personal service upon the opposing party such as would give jurisdiction in a new proceeding is not required. The most that justice and proper procedure require is that notice of the motion be given to the opposing party. 15 R. C. L. Tit: Judgments, *s.* 126; *Lewis* v. *Ross*, 37 Maine 230.

It is abundantly clear that actual notice was given the defendant Goodwin in this case. Under our informal system of procedure, the plaintiff's bill may, therefore, be treated as a motion to bring forward the action of *Goodwin* v. *Portsmouth and Hubley*, and for the correction of the judgment entry therein. The Superior Court may, thereupon, order such amendment as may be necessary to make it conform to the truth of the case "upon any competent legal evidence." *Frink* v. *Frink, supra.*

*Motion denied.*

All concurred.