Nashua Municipal Court,
No. 4607.

STATE *v.* COLEMAN K. DEANE.

Argued October 1, 1957.
Decided November 5, 1957.

*Louis C. Wyman,* Attorney General and *Warren E. Waters,* Deputy Attorney General (*Mr. Waters* orally), for the State.

*Leonard & Leonard* (*Mr. Richard W. Leonard* orally), for the defendant.

Kenison, C. J. At the threshold of this case we are confronted with the State's contention that the Supreme Court has no jurisdiction to entertain the transfer of questions of law from a municipal court in criminal cases. The statute involved is RSA 502:24 which reads as follows: "TRANSFER TO SUPREME COURT. In municipal courts located in cities and towns having a population of fifteen hundred or more, the finding of facts shall be final; but questions of law may be transferred to the supreme court in the same manner as from the superior court." The State argues that this statute permits questions of law to be transferred only in civil litigation. *Wilder* v. *Kneeland*, 94 N. H. 185.

One persuasive but not conclusive method to determine the meaning and scope of a procedural statute is to examine its practical operation and application by the Bench and Bar over a period of time. "While such practical construction cannot control the plain meaning of a statute, it is always treated as of importance in the solution of doubtful questions." *West* v. *Railroad*, 81 N. H. 522, 530.

The jurisdiction of the Supreme Court to entertain the transfer of questions of law after a verdict of guilty was not considered doubtful in 1945. In *State* v. *Belmestieri*, 93 N. H. 262, 263, this court assumed jurisdiction to decide the question whether the payment of a fine precluded an appeal to the Superior Court, and stated that the "bill of exceptions was allowed and transferred as authorized by R. L., c. 377, s. 20," which is now the statute in dispute, RSA 502:24. Since that time there have been a multitude of cases in which municipal courts have transferred questions of law both before and after verdict and they have been disposed of in this court. *State* v. *Smith*, 98 N. H. 149; *State* v. *Urban*, 98 N. H. 346; *State* v. *Wood*, 98 N. H. 418; *State* v. *Morris*, 98 N. H. 517; *State* v. *Duranleau*, 99 N. H. 30; *State* v. *Small*, 99 N. H. 349; *State* v. *Tracey*, 100 N. H. 267; *State* v. *Gratta*, 101 N. H. 87; *State* v. *Harris*, 101 N. H. 95; *State* v. *Thibodeau*, 101 N. H. 136, decided this day. In none of these cases has the State's counsel or counsel for the defense taken the position that the court lacked jurisdiction. Furthermore, legal questions arising out of other matters within the power of the municipal court have been transferred although not strictly of a criminal nature. *State* v. *Tetreault*, 97 N. H. 260 (bastardy) and *In re Poulin*, 100 N. H. 458 (juvenile delinquency). These decisions indicate that municipal courts, and attorneys for the prosecution and the defense as

well as the Supreme Court have assumed that RSA 502:24 permitted the transfer of legal questions in criminal cases.

The statute on which this repeated practical construction has been placed by the Bench and Bar, has been re-enacted by the Legislature without change in RSA 502:24, and constitutes a legislative adoption of "its prior judicial interpretation." *Lisbon District* v. *Lisbon*, 85 N. H. 173, 175; *Krewski* v. *Hooksett*, 98 N. H. 175; *State* v. *Richardson*, 92 N. H. 178. It is to be noted that in criminal cases the transfer under RSA 502:24 is discretionary with the municipal court and does not grant to the parties a right of transfer.

The only evidence presented by the State, as to the prior conviction of the defendant, was a certified copy of the "Court Record of Arrests and Convictions" of the defendant from the records of the Motor Vehicle Department of the State of New Hampshire. The defendant contends that his alleged prior conviction should have been proven by the original court record or by a certified copy of the court record prepared by the clerk or the judge of the Nashua municipal court. Such proof, of course, would be proper. *State* v. *Cox*, 69 N. H. 246; RSA 516:30. However, the question at issue is not which method of proof was the best evidence but whether the method employed is permitted by statute. In considering this question we confine our decision to convictions and do not pass on the certification by the Motor Vehicle Commissioner as it relates to arrests. *Cf. Finnegan* v. *Checker Taxi Co.*, 300 Mass. 62.

Every municipal court is required to send within seven days to the Commissioner of Motor Vehicles "an abstract of the record in cases of conviction" of any law relative to motor vehicles. RSA 262:30. The statute further provides that such abstracts "shall be certified by the clerk of the court or by the justice" and that the Commissioner of Motor Vehicles "shall keep such records in his office" which shall be open to public inspection. Another statute requires the Motor Vehicle Commissioner to keep open for public inspection in his office a "proper record of . . . reports required by law . . . . " RSA 259:10. The last sentence of this statute reads as follows: "Copies of such records, duly attested and certified by the commissioner, shall be as competent evidence in any court within this state as the original record or document would be if produced by him as the legal custodian thereof." When these two statutes are construed together, it is reasonably clear

that court convictions of the motor vehicle laws constitute a record which the Motor Vehicle Commissioner is required by law to keep and that copies of such records certified by the Commissioner of Motor Vehicles are admissible in court to prove previous convictions.

We think that the fact that Route #3 is one of the principal highways within this state and passes through the city of Nashua is a matter of sufficient notoriety to be the subject of judicial notice by the municipal court of Nashua. Anno. 48 A. L. R. (2d) 1102, 1134. Since in the present case the defendant was aware that the court was taking judicial notice and was not deprived of the opportunity of disputing the matter judicially noticed, there was no error. *State* v. *Duranleau,* 99 N. H. 30.

*Exceptions overruled.*

All concurred except DUNCAN, J., who concurred, subject to the qualification that the statute (RSA 502:24) cannot be construed to permit transfers of questions of law from municipal courts to the Supreme Court in criminal cases where appeal has been taken to the Superior Court. RSA ch. 599; *State* v. *Cook,* 96 N. H. 212; *Petition of Turner,* 97 N. H. 449.