Merrimack,
No. 5041.

STATE *v.* OSCAR J. BLAIS.

Argued June 6, 1962.

Decided June 29, 1962.

*William Maynard*, Attorney General, *Irma A. Matthews*, Law Assistant, and *Paul A. Rinden*, county attorney (*Mrs. Matthews* orally), for the State.

*Sheehan, Phinney, Bass, Green & Bergevin* (*Mr. Gerard O. Bergevin* orally), for the defendant.

KENISON, C. J. The defendant's motion to quash the complaint on various grounds related to what occurred in the municipal court. Inasmuch as the defendant's appeal is pending in the Superior Court and the evidence which was allegedly admitted erroneously in the municipal court may or may not be presented in the Superior Court, we have no occasion to pass on the validity of the motion to quash. *State v. Cook*, 96 N. H. 212. All rights of the defendant can be protected by the appeal that he has taken. 2 Wharton's Criminal Procedure (10th *ed.*) s. 1455.

If the question of proving the former conviction is raised on the appeal, this can be done by several methods, none of which is particularly burdensome. The original court record or a certified copy of it prepared by the clerk or the judge of the Hooksett municipal court would, of course, be sufficient. RSA 516:30; *State v. Cox*, 69 N. H. 246; *State v. Deane*, 101 N. H. 127, 130. Another means of proving the prior conviction would be to call the clerk of that court as was done in *State v. Miller*, 102 N. H. 260. Still another method of proving the former conviction would be the record certified by the Commissioner of Motor Vehicles under RSA 259:10, as implemented by RSA 262:30. *State v. Cardin*, 102 N. H. 314. See also, RSA ch. 520; 1 Underhill's Criminal Evidence (5th *ed.* 1956) s. 222.

*Remanded.*

All concurred.