Strafford,
No. 6004.

BRIAN P. BRENNAN *& a.*

*v.*

KATHERINE L. HERMAN, *City Clerk, & a.*

Argued October 9, 1969.

Decided October 14, 1969.

*Cooper, Hall & Walker* and *Donald F. Whittum* (*Mr. Whittum* orally), for Brian P. Brennan and Charles H. Perry.

*Fisher, Parsons, Moran & Temple* (*Mr. Harold D. Moran* orally), for John Shaw.

*Paul B. Urion,* city solicitor (by brief and orally), for Katherine L. Herman.

PER CURIAM. Bill in equity seeking to remove the names of defendants J. Thornton Tripp and Raymond L. Boucher from the ballot as candidates of the Democratic Party in the city of Rochester election to be held November 4, 1969, and to require the name of the plaintiff Charles H. Perry to be printed thereon as Democratic candidate for councilman in ward 6. The Trial Court (*Flynn*, J.) denied defendants' motions to dismiss for lack of jurisdiction and reserved and transferred their exceptions. The facts alleged in the petition are presumed true for the purpose of this decision.

On July 1, 1969 the Rochester city council adopted certain primary election rules for the city primary scheduled September 9, 1969. Included in these rules were the following relating to filing for office by candidates:

"2. If a candidate has not filed by deadline, Ward Chairman and Committee will name a candidate (Deadline will be extended ten days).

"4. Double filing on both tickets will not be allowed."

Before the deadline date of August 8, 1969, J. Thornton Tripp had filed for the Republican nomination for school board member from ward 6 in Rochester, and Raymond L. Boucher had filed for the Republican nomination for city councilman from ward 6. No Democratic party members filed for these two positions from ward 6 prior to the deadline date. Sometime after August 8, 1969 John Shaw, chairman of the ward 6 Democratic Committee endorsed Tripp and Boucher as candidates for the Democratic nomination to the offices they had previously filed for on the Republican ticket. Both Tripp and Boucher filed written consents to their names appearing as Democratic candidates, reciting in the consents that they were Republicans. The September 9 primary resulted in Tripp and Boucher receiving both the Republican and Democratic nominations for the offices they seek.

Plaintiff Brian P. Brennan is a member of the executive committee of the Democratic party of ward 6. Plaintiff Charles H. Perry received fourteen write-in votes at the September 9 primary for nomination as candidate of the Democratic party for city councilman from ward 6 and was runner-up to Raymond L. Boucher.

Plaintiffs allege that the nominations of Tripp and Boucher on the Democratic ticket resulted from two violations of the rules

of the city council: that they were endorsed by the ward 6 chairman alone, rather than by the chairman and committee; and that their consents resulted in double filings. The plaintiffs seek to remove Boucher and Tripp from the Democratic ticket and to require the name of Charles H. Perry to be printed as the Democratic candidate for city councilman.

The alleged violations of the rules would permit the Superior Court to grant the relief sought if the Court has jurisdiction, but if there is an adequate remedy at law the Superior Court has no jurisdiction. *Stickney* v. *Salem,* 96 N. H. 500, 501. It appears that primary elections in cities are not within the jurisdiction of the Ballot Law Commission. RSA ch. 68; RSA 56:2. However, under RSA 46:3 and RSA 45:3 city elections are within the control of city councils and this would include primaries. In the present case, the city council which determined the rules under which the primary was to be conducted is the proper forum to determine whether there has been a violation of those rules entitling the plaintiffs to the relief prayed for here. Laws 1891, ch. 241, *s.* 5; *Wheeler* v. *Grimes,* 91 N. H. 49; *Sheehan* v. *Mayor and Aldermen,* 74 N. H. 445. It follows that the Superior Court did not have jurisdiction, and defendants' exceptions are sustained.

*Petition dismissed.*

GRIMES, J., did not sit.