Exeter District Court,
No. 6094.

## STATE *v.* FREDERICK HENNESSEY.

October 30, 1970.

*Warren B. Rudman,* Attorney General, *Henry F. Spaloss,* Assistant Attorney General, for the State.

*Flynn, Powell & McGuirk* and *Raymond P. Blanchard,* for the defendant.

GRIFFITH, J.   On January 16, 1970 defendant was found guilty and sentenced in the Exeter District Court of the offense of operating a motor vehicle while under the influence of intoxicating liquor. Defendant's counsel excepted to the admission during the trial of a report from the state chemist's office of an analysis of defendant's blood. Immediately after the trial the District Court ( *Drake,* Special Justice ) agreed to transfer defendant's exception to the admission of the chemist's report to the supreme court in accordance with RSA 502-A:17-a. The reserved case was submitted January 19, 1970 and signed January 30, 1970 by the district court. On the same day as the trial defendant appealed to the superior court and the case there has been continued pending the outcome of the transfer to this court.

The State moved to vacate this transfer on the ground that the district court had no jurisdiction to transfer an exception here after an appeal to the superior court. We think it unnecessary to determine which proceeding comes first in order to rule upon the State's motion. Whenever the appeal to the superior court was taken, its effect was to vacate the judgment of the district court and divest it of further jurisdiction. *State* v. *Cook,* 96 N.H. 212, 214, 72 A.2d 778, 779 ( 1950 ); *State* v. *Green,* 105 N.H. 260, 197 A.2d 204 ( 1964 ). The case is now pending in the superior court and for us to rule upon the transferred

question would amount to unsolicited advice to that court on a question that may never arise in the trial de novo there. This we may not do. *See Petition of Turner,* 97 N.H. 449, 91 A.2d 458 ( 1952 ).

In *State* v. *Reenstierna,* 101 N.H. 286, 288, 140 A.2d 572, 575 ( 1958 ), where the situation was the same as here but there was no objection by the State to the question being ruled on by this court, the dissenting opinion said in part: " In my opinion the circumstances of the pending transfer cast a duty upon this court to express no opinion on the question presented. " *See also State* v. *Deane,* 101 N.H. 127, 131, 135 A.2d 897, 900 ( 1957 ). The reasoning of this dissent was accepted by the court in *State* v. *Blais,* 104 N.H. 214, 182 A.2d 467 ( 1962 ), where the trans-fer from the superior court related to a trial in the municipal court. The court then held there was no occasion to rule on the admission of evidence in the municipal court which " may or may not be presented in the Superior Court. " *Id.* at 215, 182 A.2d at 468.

> *Motion granted; transfer vacated; case discharged.*

KENISON, C.J., did not sit; the others concurred.