Hillsborough,
No. 5793.

STATE *v.* JAMES M. FLYNN.

December 1, 1970.

*George S. Pappagianis,* Attorney General and *Richard A. Hampe,* Attorney ( *Mr. Hampe* orally ), for the State.

*Sullivan, Gregg & Horton* and *Charles F. Kazlauskas* ( *Mr. Kazlauskas* orally ), for the defendant.

DUNCAN, J. The defendant's exception to denial by the superior court of his motion to dismiss a complaint brought against him in the Milford District Court in 1967 was reserved and transferred by the Presiding Justice ( *Flynn,* J. ), in advance of trial of the defendant's appeal from conviction in the district court of the offense of driving while under the influence. RSA 262-A:62.

The case had a checkered career in the district court. The offense was alleged to have occurred on June 11, 1967 at Amherst. Following trial on July 14, 1967 the defendant was found guilty, sentenced to pay a fine of $100, and his right to operate motor vehicles in this State was revoked for sixty days. According to a recital in an order of the district court entered on August 19, 1967, the defendant's "appeal was stayed"; and on July 21, 1967 the defendant moved that judgment be reconsidered, because statements of the defendant had been received in evidence without compliance with standards established by *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 ( 1966 ), and because "evidence flowing from an unlawful arrest was admitted against him. "

At some later time, the district court vacated its finding and sentence and dismissed the complaint. This was done without prior notice to the State, and on August 19, 1967 the district court entered an order reinstating the finding of guilty and the sentence previously imposed, and ordering the defendant to pay a fine of $100 and revoking for sixty days his right to operate in New Hampshire. The order stated that the dismissal of the complaint without notice to the State "was error, and for this reason the order of dismissal is vacated . . . . " The order of August 19 further provided: "Appeal hereon may be taken within three days after date of this order as per RSA 599:1-a. "

The defendant thereupon appealed to the superior court. On

August 31, 1967 he sought unsuccessfully to have the case transferred by the district court to this court under RSA 502-A:17-a. On November 27, 1967, in the superior court, the defendant moved to dismiss the complaint upon the ground that "the order of the Milford District Court was unlawful by reason of res adjudicata and former jeopardy." His exception to denial of this motion brings the case to this court.

We agree with the justice of the district court that the order dismissing the complaint was error; but further than that, we are of the opinion that the order was void, because beyond the jurisdiction of the court to enter it.

Prior to 1961, a defendant convicted in municipal court was required to take his appeal "at the time . . . sentence is declared . . . ." RSA 599:1 (made applicable to district courts by Laws 1965, 86:1). In 1961, statutory provision was made authorizing a municipal court to grant a petition to enter a late appeal, if filed "within three days from the date [of] sentence." RSA 599:1-a (supp.). *See* N.H. Judicial Council, Eighth Report 33 (1960). It is our opinion that the three-day period established by the 1961 statute marks the outside limit of the jurisdiction of a municipal or district court to modify or vacate a verdict in a criminal case.

District courts, like municipal courts, are courts of special and limited jurisdiction which are not vested with as broad inherent powers as courts of superior and general jurisdiction. *See State* v. *Moquin,* 105 N.H. 9, 13, 191 A.2d 541, 544-45 (1963). *Cf. Hubley* v. *Goodwin,* 90 N.H. 54, 56, 4 A.2d 665, 667 (1939); *State* v. *Thomson,* 110 N.H. 190, 263 A.2d 675 (1970); *State* v. *Campbell,* 110 N.H. 238, 265 A.2d 11 (1970). The statute extending by three days the period within which a defendant may appeal a conviction (RSA 599:1-a (supp.)) was not intended to otherwise change the long established practice of requiring prompt appeal if finality of conviction is to be prevented. The policy which supports expeditious disposition of minor criminal proceedings in municipal and district courts, and the rule that an appeal vacates the order of such a court (*State* v. *Green,* 105 N.H. 260, 261, 197 A.2d 204, 205 (1964); *State* v. *Hennessey,* 110 N.H. 447, 270 A.2d 613 (1970)), militate against implication of any grant of authority to such courts to reopen and reconsider their judgments after the time allowed for appeal except to correct obvious errors. *See Unit-*

*ed States* v. *Smith,* 331 U.S. 469, 91 L. Ed. 1610, 67 S. Ct. 1330 ( 1947 ).

We think that the district court in this case could not modify its verdict after expiration of the statutory period provided for appeal, with trial de novo. Assuming, without deciding, that the provisions of RSA 599:1-a ( supp. ) extend to district as well as municipal courts, it is plain that the defendant's motion to reconsider and the order of the district court dismissing the complaint both came too late to be effective. We therefore hold that the order dismissing the complaint was void and of no effect.

Although the order of August 19 was likewise beyond the jurisdiction of the district court to enter, it was nevertheless subject to appeal; and the defendant's appeal therefrom may be maintained as from the original sentence. RSA 490:4; *State* v. *Knowlton,* 102 N.H. 221, 152 A.2d 624 ( 1959 ); *Hopley* v. *Company,* 94 N.H. 171, 49 A.2d 637 ( 1946 ). *See also Patten* v. *Newton,* 102 N.H. 444, 447, 159 A.2d 809, 811 ( 1960 ); *State ex rel Regan* v. *Superior Court,* 102 N.H. 224, 226, 153 A.2d 403, 404 ( 1959 ). To hold otherwise would result in depriving the defendant of his right of appeal and the fair trial to which he is entitled. No useful purpose would be served by granting him a new trial in the district court ( *See Commonwealth* v. *Jones,* 303 Pa. 551, 154 A. 480 ( 1931 ) ) when such a trial is presently available to him upon his pending appeal.

No ground for dismissal was presented by the motion denied by the superior court. Since the district court's order of dismissal was a nullity, it was not res adjudicata, nor can it form the basis for a claim of double jeopardy. *See North Carolina* v. *Pearce,* 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 ( 1969 ).

Errors in the district court furnished no ground for dismissal of the complaint by the superior court on appeal, since the appeal vacated the sentence of the district court and entitled the defendant to a trial de novo. *State* v. *Hennessey,* 110 N.H. 447, 270 A.2d 613 ( 1970 ). *See Riendeau* v. *Milford Municipal Court,* 104 N.H. 33, 177 A.2d 396 ( 1962 ). The superior court properly denied the motion to dismiss, and the order is

*Exception overruled; remanded.*

All concurred.