Hillsborough
No. 6572

### STATE OF NEW HAMPSHIRE V. GEORGE F. PERRY

September 28, 1973

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Devine, Millimet, Stahl & Branch* and *Joseph M. McDonough III (Mr. McDonough* orally) for the defendant.

GRIMES, J. Defendant appealed from the denial of his motion to dismiss a criminal complaint charging him with official malfeasance under RSA 69:9 for his alleged ballot box stuffing activity while a ward moderator at a Manchester municipal primary.

The defendant, George Perry, served as ward 4 moderator for the Manchester municipal primary held on October 5, 1971. The polls opened at 6 a.m. and the voting proceeded without incident until about 11:30 a.m., when a Manchester policeman allegedly witnessed certain irregularities which included defendant's aiding a ward 4 selectman in placing illegal ballots in the ballot box. The Manchester Police Department closed the polls, confiscated the ballot box and checklists, and substituted a new ballot box and checklists. The voting resumed until 3 p.m., when the police confiscated the new ballot box and checklists. Although the polls were not technically closed, no further voting occurred and there was neither a ballot count nor a vote declared pursuant to the terms of the applicable statute. A new primary election for ward 4 was held two days later on Thursday, October 7, 1971.

On November 18, 1971, the Manchester police arrested

defendant charging him under two complaints, one alleging official misconduct by a public officer during a primary or election under RSA 59:124 and another alleging official malfeasance of a moderator under RSA 69:9. The Manchester District Court found defendant not guilty of the RSA 59:124 complaint, but found him guilty of the RSA 69:9 complaint.

The defendant seasonably appealed the guilty verdict to the Hillsborough County Superior Court, where defendant filed a motion to dismiss the RSA 69:9 complaint on the grounds that the statute either failed to apply to the voting that took place on October 5, 1971, or failed to prohibit the conduct charged in the complaint. The trial court denied these motions and defendant excepted. All questions of law raised by exceptions of record were reserved and transferred by *Batchelder, J.*

The complaint alleges that defendant "did commit the offense of . . . Official Malfeasance contrary to RSA 69:9 . . . in that the defendant being a moderator . . . did aid . . . a selectman . . . to fraudulently add votes to the total number of legal votes cast at the . . . Manchester Municipal Primary Election by placing illegal ballots into the ballot box . . . ."

The pertinent portion of RSA 69:9 provides a penalty if "any moderator . . . at *any meeting* . . . shall fraudulently embezzle any vote from the number of legal votes cast or add any vote thereto; . . . or shall fraudulently declare the state of the vote in the election *of any officer, or at any primary* . . . ." (Emphasis added.)

The defendant construes RSA 69:9 to proscribe conduct either at "any meeting" or "in the election of any officer" or "at the primary". Under this construction, conduct "at any primary" is not included as part of conduct at "any meeting". Defendant thus contends that his alleged ballot stuffing activity is prohibited at votes in town meetings, but not at primary elections since the only activity proscribed by RSA 69:9 at primaries concerns the declaration of the vote.

Both the defendant and the State extensively probed legislative history to support their respective positions on whether "any meeting" includes activity performed at primaries. We do not find a clear answer to this question from the contradictory inferences derived from the numerous amendments to

the origins of RSA 69:9. *See* R.S. 25:22 (1842); C.S. 26:23 (1853); Laws 1857, 1954:1; G.S. 33:10 (1867); G.L. 36:9 (1878); P.S. 39:9 (1891); P.L. 33:9 (1926); R.L. 41:9 (1942).

We direct our attention to the use of the word "meeting" in other statutes dealing with the same subject matter of ward elections. *O'Brien v. Manchester,* 84 N.H. 492, 495, 152 A. 720, 722 (1930); *State v. Peter Salvucci Inc.,* 111 N.H. 259, 262, 281 A.2d 164, 166 (1971). The statutes on cities and wards reveal that both general and local ward elections take place at *"meetings* of the inhabitants for the election . . . ." RSA 44:7 (emphasis added); *see* RSA 44:11. This·manifests that the term "meeting" includes the activity of electing local officials. The conducting of city elections includes the conducting of municipal primaries. *See Brennan v. Herman,* 109 N.H. 541, 543, 257 A.2d 407, 408 (1969). We therefore hold that the language "any meeting" of RSA 69:9 encompasses the activities occurring at a ward primary.

The legislature enacted RSA ch. 69 "to insure the purity of elections". *Chronicle &c. Pub. Co. v. Attorney-General,* 94 N.H. 148, 150, 48 A.2d 478, 480 (1946). Our interpretation of "meeting" in RSA 69:9 "best harmonizes with the context and the apparent policy and objects of the legislation." *Hackett v. Gale,* 104 N.H. 90, 92, 179 A.2d 451, 453 (1962); *State ex rel. Fortin v. Harris,* 109 N.H. 394, 395-96, 253 A.2d 830, 831 (1969).

The defendant claims that RSA 69:9's "add any vote" prohibition regulates only vote tabulation after the close of balloting. Since defendant's alleged additions occurred during the balloting and the polls closed prior to his opportunity to count the ballots, defendant maintains that RSA 69:9 does not apply to his conduct. In support of this view, defendant refers to RSA 69:8 which proscribes "If *any person,* . . . shall give in more than one vote . . . ." (Emphasis added.) Defendant argues that since RSA 69:8 applies to the conduct of any person who put an illegal vote in the ballot box, the interpretation of RSA 69:9 to proscribe the same activity by a moderator would be redundant. Defendant argues further that the other provisions of RSA 69:9 prohibit tampering by election officials and that ballot tabulation, unlike ballot stuffing, corresponds with activity uniquely available to election officials.

We disagree with this interpretation for although RSA 69:9 speaks to unique offenses of election officials, we think "add any vote thereto" refers to election officials' unique opportunity to stuff ballot boxes either before, after, or during balloting. The other provisions of RSA 69:9 support this view in that these provisions use the language "receive and *count* any legal vote" (emphasis added) when the prohibited activity narrowly refers to tabulation. Furthermore, RSA 69:8 does not make RSA 69:9 redundant because RSA 69:9 provides for greater penalties when an election official stuffs ballot boxes. We therefore hold that RSA 69:9's language "add any vote thereto" encompasses the moderator's alleged conduct of "placing illegal ballots in the ballot box" no matter when the alleged conduct occurred in the election process.

The legislature enacted certain provisions of the Manchester city charter in Laws 1959, 420:2 which specifically applied the election law penalties of RSA ch. 59 to Manchester municipal primaries. The defendant contends that since the legislature has never specifically applied RSA 69:9 to Manchester municipal primaries this omission creates the negative implication that the legislature did not intend to apply the penalties of RSA 69:9 to the Manchester municipal primaries. The statutes treating the duties and liabilities of ward moderators contradict defendant's negative implication. RSA 69:9 by its own terms applies to "add *any* vote" by "*any* moderator" at "*any* meeting." (Emphasis added.) Any question over whether this provision applies not only to town moderators but also to ward moderators in the city of Manchester is settled by RSA 44:12 which deals with moderators in local city elections. RSA 44:12 states in part "a moderator . . . shall be elected in each of the wards, who shall . . . *be subject to the liabilities,* of those officers in towns, so far as relates to . . . conducting elections . . . and all other matters relating to elections." (Emphasis added.) Given this statutory mandate, we hold RSA 69:9 applicable to Manchester municipal primaries.

*Exception overruled; remanded.*

All concurred.