Hillsborough
No. 6915

STATE OF NEW HAMPSHIRE v. JOSEPH A. ACTON

May 30, 1975

*Warren B. Rudman,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Clifford J. Ross,* by brief and orally, for the defendant.

KENISON, C.J. The two issues presented by this appeal are whether a ward clerk who allegedly aided a selectman in fraudulently adding votes to those cast in a municipal primary election is chargeable with official malfeasance under RSA 69:9 and whether the complaint contains an adequate allegation of criminal intent on the part of the defendant. RSA 44:12 (Cities and Wards: Ward Officers); RSA 69:9, as amended (Supp. 1973) (Official Malfeasance).

On November 17, 1971, the Manchester District Court determined that defendant violated RSA 69:9, for which the court sentenced him to pay a fine of $500 and to serve twelve months confinement, ten months of which were suspended. Defendant appealed his conviction to the Hillsborough County Superior Court, claiming that the complaint should be dismissed since he was not a "moderator, supervisor or selectman", the officials specified in RSA 69:9. *Perkins,* J., reserved and transferred defendant's exception to

the denial of his motion to dismiss the complaint prior to trial. RSA 502-A:12 (District Courts: Appeals from Sentence); *see State v. Hennessey,* 110 N.H. 447, 270 A.2d 613, 614 (1970). With the consent of the State, defendant also argued before this court that the complaint was defective since it failed to allege the requisite criminal intent for violating RSA 69:9.

The complaint dated October 26, 1971, claimed that defendant violated RSA 69:9 by aiding "Robert A. Partridge a selectman of Ward 4 at 259 Hanover Street in said Manchester (New Hampshire) to fraudulently add votes to the total number of legal votes cast at the October 5, 1971, Manchester Municipal Primary elections by placing premarked ballots into the ballot box at the said Ward 4 voting place . . . ." In *State v. Perry,* 113 N.H. 529, 309 A.2d 908 (1973), this court overruled certain exceptions of the ward 4 moderator to a criminal complaint arising from the same incident.

## I. Scope of RSA 69:9

Defendant contends that the superior court erred in denying his motion to dismiss the complaint since he was not one of the officials enumerated in RSA 69:9 (as amended RSA 69:9 [Supp. 1973]). At the time of the election in October 1971, RSA 69:9 provided that "[i]f any moderator, supervisor or selectman, at any meeting, shall fraudulently receive and count any illegal vote, omit to receive and count any legal vote or shall fraudulently embezzle any vote from the number of legal votes cast or add any vote thereto . . ., he shall be fined not more than five hundred dollars, or imprisoned not more than one year, or both." As defendant interprets RSA 69:9 it is directed against official misconduct by persons with a "particular and substantial political status", not including ward clerks.

The conclusion that a ward clerk cannot be charged with violating RSA 69:9 because he is not specifically named in the statute ignores both the position of shared responsibility entrusted by statute to the ward clerk and the law of criminal complicity. In this country, cities are commonly subdivided into wards which seem to be more manageable units for certain purposes such as conducting elections. *See* RSA 44:4; 2 E. McQuillin, Municipal Corporations § 7.49, at 549 (1966). In New Hampshire each ward has five officers, including a moderator and a clerk, "who shall have the powers, perform the duties, and be subject to the liabilities, of those officers in towns, so far as relates to . . .conducting elections, counting and declaring votes . . ., and all other matters relating to elections." RSA 44:12. As

one of the officers of the ward who are jointly responsible for conducting elections, the ward clerk is included within the scope of RSA 69:9 even though he is not specifically mentioned therein.

In addition, defendant in this case falls within the ambit of the statutory proscription since the complaint alleges that he "did aid" a ward selectman to "fraudulently add votes . . . ." The general common law rule is that one who aids in the commission of a crime may be subject to the same punishment as the principal, "even though no mention is made of him in the statute creating the offence." G. Williams, Criminal Law — The General Part § 121, at 353 (2d ed. 1961); *id.* § 129, at 386; *see* 1 F. Wharton, Criminal Law and Procedure § 107, at 233 (R. Anderson ed. 1957); Annot., 131 A.L.R. 1322, 1323 (1941); Note, 25 Va. L. Rev. 844, 848 (1939).

The common law rule regarding criminal complicity was codified in this State by RSA ch. 590-A (Criminal Liability for Conduct of Another; Complicity) which was in effect at the time when the alleged offense occurred. Laws 1967, 346:1 (RSA ch. 590-A, superseded November 1, 1973, by RSA 626:8); *see* Model Penal Code § 2.04 (1), Comment at 14 (Tent. Draft No. 1, 1953). RSA 590-A:1 provided that "a person is guilty of an offense if it is committed . . . by the conduct of another person for which he is legally accountable . . . ." Laws 1967, 346:1 (superseded November 1, 1973, by RSA 626:8 I). RSA 590-A:2 III specified that "a person is legally accountable for the conduct of another person when he is an accomplice of such other person in the commission of the offense." Laws 1967, 346:1 (superseded November 1, 1973, by RSA 626:8 II (c)). An accomplice was defined as one who "aids" another person in planning or committing an offense. Laws 1967, 346:1 (RSA 590-A:3 I superseded November 1, 1973, by RSA 626:8 III (a)). As an accomplice to a ward official defendant is liable to punishment for violating RSA 69:9 (as amended RSA 69:9 [Supp. 1973]).

## II. Sufficiency of the Complaint

Defendant also maintains that the complaint should be dismissed because it fails to allege criminal intent and unlawful conduct. *See* H. Packer, The Limits of the Criminal Sanction 41, 72 (1968). "Ordinarily, intent is an essential element of a crime." 1 F. Wharton, Criminal Law and Procedure § 60, at 135 (R. Anderson ed. 1957); G. Williams, Criminal Law — The General Part § 14, at 31 (2d ed. 1961). To be sufficient a complaint must allege all the essential elements of the crime with which the defendant is charged. 4 F.

Wharton, Criminal Law and Procedure § 1758, at 548 (R. Anderson ed. 1957) (Supp. 1974, at 102); Scott, *Fairness in Accusation of Crime*, 41 Minn. L. Rev. 509, 524 (1957). Requiring the complaint to contain an allegation of all the essential elements insures that the accused has adequate information for mounting his defense. *State v. Inselburg,* 114 N.H. 824, 828, 330 A.2d 457, 459 (1974); *State v. Hoyt,* 114 N.H. 256, 258, 319 A.2d 286, 287 (1974); *see* Scott, *supra* at 514.

In this case the complaint alleged that the defendant violated RSA 69:9 by aiding a ward election official to "fraudulently add votes to the total number of legal votes cast . . . by placing premarked ballots into the ballot box . . . ." RSA 69:9 (as amended RSA 69:9 [Supp. 1973]) made it a crime to "fraudulently embezzle any vote from the number of legal votes cast or add any vote thereto . . . ." By alleging that the defendant aided a selectman to fraudulently add votes, the complaint was sufficiently specific to inform him that he acted with the intent required to violate RSA 69:9.

*Defendant's exceptions overruled; remanded.*

All concurred.