Durham District Court
No. 7784

## THE STATE OF NEW HAMPSHIRE

### v.

## LAWRENCE DOYLE

October 17, 1977

*David H. Souter,* attorney general, and *Peter W. Heed,* attorney (*Mr. Heed* orally), for the state.

*Fisher, Parsons, Moran & Temple,* of Dover (*Mr. Edward T. Clancy* orally), for the defendant.

PER CURIAM. Two questions of law in a misdemeanor case have been transferred by the district court in advance of a trial on the merits. The impact on this court's caseload and workload resulting

from the increasing prevalence of such transfers by district and municipal courts has induced this court to declare through the instant case the standards for such transfers to this court.

On December 11, 1976, the defendant was involved in an accident, taken to a hospital and treated. A blood sample was obtained. Defendant was then taken to a police station, arrested, charged with a second offense DWI, and released on bail. A complaint was not issued until January 6, 1977, and the next day a hearing was held on defendant's motion to produce "pursuant to RSA 262-A: 69-b" a quantity of the blood sample taken in December. The motion was granted but counsel failed to pursue the matter by going to Concord to obtain the sample as provided by the standard policy of the State Police Laboratory. The sample was later destroyed in accordance with that policy, and a motion to suppress and a motion to dismiss were then filed. The former motion was transferred to this court without ruling, the latter was denied by *Nadeau*, J. No trial has ever been held.

This case was transferred in accordance with RSA 502-A:17-a (Supp. 1975) which provides that "[in] any criminal case . . . questions of law *may* be transferred to the supreme court in the same manner as that from the superior court under RSA 491:17 . . ." (Emphasis added.) The latter provision permits transfer if the presiding justice "think[s] fit" such a determination by this court.

The superior court rules in RSA 491:App. R. 88 (Supp. 1975), new rule 96 in the 1977 version, provide that motions to suppress in criminal cases "shall be transferred on appeal *after* trial and *not* in advance of trial except in the discretion of the Court in *exceptional* circumstances." (Emphasis added.)

There is no single sentence in the rules of the district and municipal courts that has in its text the policy and implicit rationale of the superior court rule. When this court approved the district and municipal court rules in 1976, it was thought that certain of the rule provisions being approved, when linked, did provide that policy and rationale. Rule 2.8C (2) provides that exceptions to the court's denial of a motion to suppress in advance of trial shall be noted "and the trial *shall* proceed as scheduled." (Emphasis added.) Subsection (3) provides that the court "may, in its discretion," reserve and transfer exceptions in advance of trial. This court thought in 1976, and thinks now, that the policy and implicit rationale of the superior court rule that had been approved by this

court were being proposed by the district and municipal courts in these two rule provisions. *See* Rule 1.11 A; *cf. State v. Hennessey,* 110 N.H. 447, 270 A.2d 613 (1970) (vacated transfer of questions of law to supreme court in a case also appealed to superior court for trial de novo); *State v. Deane,* 101 N.H. 127, 130, 135 A.2d 897, 899 (1957) (misdemeanant has no right to have questions of law transferred to supreme court).

The caseload of this court doubled from 1970 to 1975 alone. 17 N.H.B.J. 172, 180 (1976). A review of all of the *"State v."* cases in volume 116 of the New Hampshire Reports reveals that under the superior court rule, 12 cases were transferred in advance of determination of guilt, only three of which were DWI's. However, of 18 district and municipal court cases, 14 were transferred before guilt determination, and nine of those were DWI's. Such transfers of questions of law to the supreme court in advance of trial in the district and municipal courts and of trial in the superior court under our de novo appeal system where motions may be renewed are a misapplication of judicial resources. *State v. Varney,* 117 N.H. 163, 370 A.2d 289 (1977).

Issues raised at district and municipal courts may or may not be raised at superior court and, of course, after the initial trial, should the defendant be found not guilty at either level, no appeal to this court would even be necessary. *State v. Blais,* 104 N.H. 214, 182 A.2d 467 (1962); *State v. Hennessey,* 110 N.H. 447, 270 A.2d 613 (1970).

■ Accordingly, pursuant to RSA 490:4 (Supp. 1975), there should be no further transfers of interlocutory matters in misdemeanor cases from district or municipal courts pursuant to RSA 502-A:17-a and 502:24 except in the discretion of the district or municipal court in exceptional circumstances. After trial any legal issues may be raised on appeal in superior court in the first instance. *State v. Hennessey,* 110 N.H. 447, 270 A.2d 613 (1970).

■ There do not appear to be exceptional circumstances in this case warranting transfer of the questions of law in advance of trial. Motion denied, exceptions overruled. RSA 490:15 (Supp. 1975).

*Transfer vacated; case discharged.*