Rockingham
No. 78-100

THE STATE OF NEW HAMPSHIRE

v.

MICHAEL C. WARD

December 20, 1978

*Thomas D. Rath,* attorney general (*Anne E. Cagwin,* assistant attorney general, orally), for the State.

*Glen E. Graper,* of Portsmouth, by brief and orally, for the defendant.

LAMPRON, C.J.    A petition pursuant to RSA ch. 262-B was filed by the Rockingham county attorney charging Michael Ward as a habitual offender. The State relied upon three prior convictions of the defendant which were listed on a certified motor vehicle abstract that was attached to the petition. The convictions included:

    6. 7-16-1976—CONVICTION—Durham District Court.
       Reckless Operation RSA 262-A:61. Plea Guilty. Fine
       $150.00. License revoked by Court (60 days) (viola-
       tion dated 6-21-1976).

8. 4-16-1977—CONVICTION—Portsmouth District Court.

Driving while intoxicated. RSA 262-A:62. Plea Guilty. Fine $150.00. License revoked by Court (six months) AIDRS referral (violation date 3-27-1977). Waived Counsel.

9. 5-9-1977—CONVICTION—Dover District Court.

Reckless Operation RSA 262-A:61. Plea Guilty. Fine $200.00. License revoked by Court (60 days) (violation date 1-16-1977). Represented by Counsel.

A hearing was held in Superior Court (*Loughlin*, J.). During the hearing, the defendant excepted to the introduction of the motor vehicle records and the court records on the ground that they were introduced without proper authentication. At the close of the State's case, the defendant moved that the petition be dismissed for two independent reasons: first, that the State failed to prove that defendant was either represented by counsel or knowingly waived his right to counsel at the time of the prior convictions; and second, that the State failed to identify the accused as the same person who had previously been convicted of the offenses listed on the petition. The court did not make a finding whether defendant was a habitual offender. Instead, it prepared a reserved case transferring the following questions to this court without ruling:

1. Are certified copies of court records in which the copies show the defendant was represented by counsel admissible as offered by the state without oral testimony.

The answer is "Yes."

2. Is the representation on the certified copy of the Defendant's motor vehicle record from the Department of Safety, Division of Motor Vehicles, that the defendant was represented by counsel sufficient to meet the State's burden of proof by itself without further testimony.

Our answer is "Yes," unless the copy of the record or evidence presented by the defendant places the issue in dispute.

■ ■ Defendant concedes that the certified court records and the certified motor vehicle records are admissible to prove prior convictions. He argues, however, that before these public documents can be introduced into evidence they must be properly authenticated.

Specifically, he contends that a witness must testify as to the genuineness of the writings. Certified copies of prior convictions prepared by a clerk of court are admissible into evidence. RSA 516:30; *State v. Blais*, 104 N.H. 214, 215, 182 A.2d 467, 469 (1962); *State v. Deane*, 101 N.H. 127, 130, 135 A.2d 897, 899 (1957). Records of convictions of motor vehicle violations certified by the commissioner of motor vehicles are also admissible into evidence. RSA 259:10; RSA 262:30; *State v. Deane supra; State v. Blais supra.* The genuineness of these documents "need not be evidenced otherwise than by production for inspection of the document bearing [the original seal impression]." 7 J. Wigmore, Evidence § 2161 (Chadbourn rev. 1978). These public documents are self-identifying; they need no "shepherding angel" to authenticate them. C. McCormick, Evidence § 228 (2d ed. 1972).

■ ■ The State has the burden of proving the "existence" of all prior convictions that it relies upon to prove that the accused is a habitual offender. *See State v. Desbiens*, 117 N.H. 433, 435, 374 A.2d 651, 652 (1977); *Singer v. United States*, 278 F. 415, 420 (3d Cir. 1922). Prior convictions obtained when a person entitled to counsel was neither represented by counsel nor knowingly and intelligently waived his right to counsel cannot be used to support a habitual offender finding. *State v. Gosselin*, 117 N.H. 115, 121, 122, 370 A.2d 264, 269 (1977); *State v. Maxwell*, 115 N.H. 363, 341 A.2d 766 (1975). In only one of defendant's prior convictions, No. 8 on the motor vehicle abstract, was he subject to a possible penalty of imprisonment, and thus entitled to counsel. *State v. Lantaigne*, 117 N.H. 266, 268, 371 A.2d 1170, 1171 (1977). While defendant does not now challenge the existence of this conviction, he argues that the State failed to prove that he was afforded his constitutional right to counsel at that time.

■ ■ "If it were evident from the record, or if defendant had presented evidence which placed in dispute the question of whether he had been represented by counsel, the burden would have then been upon the State to prove representation by counsel or a knowing and intelligent waiver of that right." *State v. Gosselin*, 117 N.H. at 121, 370 A.2d at 269. The record does not raise any such dispute. On the contrary, the record shows that the defendant waived his right to counsel, for attached to the copy of the driving-while-intoxicated conviction was a signed certified waiver-of-counsel form. The defendant introduced no evidence to show that this was an invalid waiver. Indeed, all the defendant did was make a general denial to the effect that he had not been afforded any of his constitutional rights at the

time of any prior conviction. This unfounded proffer is insufficient. When the defendant challenges the validity rather than the existence of a prior conviction, he, and not the State, must, "go forward with evidence which would have put in issue the question of whether he had previously been represented by counsel." *Id.* at 122, 370 A.2d at 270.

Defendant's argument also runs contrary to the requirements of the habitual offender law. RSA 262-B:3 provides that certified motor vehicle abstracts of records of conviction as certified by the district courts *shall* be admitted as evidence in habitual offender proceedings and shall be *prima facie* evidence that the person therein named was duly convicted." (Emphasis added.) That same section further provides that if the defendant denies any of the facts stated in the abstract he shall have the burden of proving that the facts are untrue.

The obvious intent of these provisions is to aid the State in certifying persons as habitual offenders by according a statutory presumption of validity to the court proceedings and records below and to the motor vehicle records. This presumption serves to further the policy declared by the legislature in enacting the habitual offender law; namely, provide maximum safety for all persons using the highways by denying the privilege to operate to those who have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of this State. RSA 262-B:1.

■ The State, however, has the burden of proving that the accused is the same person who has been convicted of the offenses that are listed in the habitual offender petition. *State v. Gosselin*, 117 N.H. 115, 370 A.2d 264 (1977); *State v. Miller*, 102 N.H. 260, 263, 154 A.2d 699, 701 (1959). The defendant argues that the State failed to meet this burden. Whether this burden has been satisfied is a question for the trier of fact. The trial court admitted the records of conviction over defendant's objections and exceptions and transferred questions of law without making any findings of fact. In view of our holding, it is now necessary on remand that the trial court, sitting as trier of fact, determine whether the evidence proves that the accused has been properly identified as the same person who has been previously convicted for the offenses listed on the habitual offender petition.

*Remanded.*

All concurred.