Grafton
No. 81-269

### THE STATE OF NEW HAMPSHIRE

v.

### NORMAN R. BUCKWOLD

February 12, 1982

*Gregory H. Smith*, attorney general (*Betsy S. Westgate*, assistant attorney general, & a. on the brief, and *Gregory W. Swope*, attorney, orally), for the State.

*Elliott, Jasper & Bennett*, of Newport (*Stephen M. Bennett* on the brief and orally), for the defendant.

KING, C.J. The defendant, Norman R. Buckwold, was convicted as an habitual offender under RSA ch. 262-B (now in RSA ch. 262). The conviction was based on three prior convictions for motor vehicle offenses. The defendant sought to suppress two of his prior convictions, claiming that in those instances he had not effectively waived his right to counsel and he had not knowingly pleaded guilty to the offenses. The Superior Court (*Johnson*, J.) denied the defendant's motion to suppress the two prior convictions, found the defendant guilty and ordered that his driver's license in the State of New Hampshire be suspended for a minimum of four years. The defendant appealed the superior court's decision to this court.

■■ The State produced certified abstracts to prove the defendant's prior convictions. The abstracts are prima facie evidence that the defendant was duly convicted of the prior offenses. RSA 262-B:3 (re-enacted in substantial part, Laws 1981, ch. 146, codified at RSA 262:19). In the absence of sufficient evidence produced by the defendant to rebut the State's prima facie case, the State need not submit additional evidence to sustain its burden of proof that the prior convictions were valid. *State v. Ward*, 118 N.H. 874, 877–78, 395 A.2d 511, 512–13 (1978).

■■ Once the State produced the certified abstracts of the defendant's prior convictions, the defendant had the burden of proving that he was not duly convicted of the prior offenses. RSA 262-B:3 (re-enacted in substantial part, Laws 1981, ch. 146, enacted as RSA 262:19); *State v. Ward*, 118 N.H. at 878, 395 A.2d at 513. The defendant attempted to prove that he had not voluntarily waived counsel or knowingly pleaded guilty and that these facts rendered the prior convictions inadmissible against him. At the time of the prior convictions, however, the defendant had signed a constitutionally sufficient waiver form stating that he had waived counsel and that the trial court had explained the charges against him. *See North Carolina v. Butler*, 441 U.S. 369, 373 (1979); *Carn-*

*ley v. Cochran*, 369 U.S. 506, 516 (1962). *See also State v. Maxwell*, 115 N.H. 363, 365, 341 A.2d 766, 767 (1975). As this court stated in *State v. Ward*, 118 N.H. at 877, 395 A.2d at 513, a signed waiver indicates that the defendant waived his right to counsel, and the defendant's general denial of the waiver is insufficient to sustain the defendant's burden to prove that the waiver was invalid. *Id.* at 877–78, 395 A.2d at 513.

██ Having reviewed the evidence that the defendant produced to rebut the State's prima facie proof of the validity of his prior convictions, we cannot say that the trial court erred in admitting the prior convictions. The weight and credibility of the defendant's evidence is an issue for the trial court, *State v. Hardy*, 120 N.H. 552, 554, 419 A.2d 398, 400 (1980), and we find no abuse of discretion. *See State v. Scarlett*, 121 N.H. 37, 40, 426 A.2d 25, 27 (1981).

*Affirmed.*

All concurred.