Hillsborough
No. 84-114

### THE STATE OF NEW HAMPSHIRE

v.

### JAMES H. BARDSLEY, III

November 13, 1984

*Gregory H. Smith*, attorney general (*Robert B. Muh*, attorney, on the brief), by brief for the State.

*Joseph F. Gall, Sr.*, of Nashua, for the defendant, waived brief and oral argument.

PER CURIAM. This case involving the validity of District Court Rule 2.14 is before us on an interlocutory transfer without ruling (RSA 491:17) from the Superior Court (*Pappagianis*, J.).

Pursuant to the provisions of District Court Rule 2.14, the defendant was found guilty in the Nashua District Court of driving while under the influence of intoxicating liquor, second offense (RSA 265:82 (Supp. 1983)) and appealed to the superior court. Defendant claimed a jury trial. On the day the jury was to be selected for the trial of the appeal, the trial judge, on his own motion, transferred to this court six questions of law questioning the validity and construction of District Court Rule 2.14.

Under New Hampshire law, defendant is entitled to a non-jury trial and if convicted in district or municipal court, may appeal to the superior court. RSA 599:1. District Court Rule 2.14 authorizes district court judges to permit defendants to plead not guilty, waive trial, be found guilty and appeal to superior court. The rule reads as follows:

"In all prosecutions for misdemeanors and violations, the Court, in its discretion, may allow the defendant, upon advice of counsel, to plead not guilty, waive the presentation of evidence by the State, and the presentation of his defense. The Court shall require the prosecution to make an offer of proof. The Court may then find the defendant guilty and impose sentence. The defendant may then appeal to the Superior Court."

In its brief, the State raises no constitutional issues but argues that the rule is in conflict with the rationale of this court in a number of cases, most notably *State v. Dickson*, 116 N.H. 175, 355 A.2d 822 (1976). Further, the State claims that the ability of a defendant to avoid trial in the district court pursuant to Rule 2.14 is inconsistent with the effective administration of justice and prior opinions of this court addressing the proper use of judicial resources. *E.g., State v. Doyle*, 117 N.H. 789, 378 A.2d 1379 (1977); *State v. Deane*, 101 N.H. 127, 135 A.2d 897 (1957); *State v. Hennessey*, 110 N.H. 447, 270 A.2d 613 (1970).

Specifically, the State argues that Rule 2.14 burdens the superior court with an increasing, if not inordinate, number of transfers from district and municipal courts. We have considered the State's arguments and find them to be without merit.

We note that the language of Rule 2.14 requires district and municipal judges to exercise discretion in deciding whether or not to invoke the rule. We are not aware of any disproportionate number of transfers or of any wholesale abuse of discretion by district and municipal court judges in applying this rule. In other States where the defendant may, under certain circumstances, bypass the first tier of courts, a relatively small number of additional appeals were

generated while substantial judicial resources were saved at the trial level. *Appellate Review of Constitutional Infirmities Notwithstanding a Plea of Guilty*, 9 HOUS. L. REV. 305 (1971).

All of the benefits of a two-tier system are obtained by allowing a defendant to waive the first-tier trial completely. *Ludwig v. Massachusetts*, 427 U.S. 618 (1976).

We conclude that District Court Rule 2.14 conflicts neither with the rationale of prior decisions of this court, nor with the efficient administration of justice.

*Remanded.*