**Joseph S. HAAS, Plaintiff, Appellant,**

v.

**David L. KENT, et al.,
Defendants, Appellees.**

**No. 86–1400.**

United States Court of Appeals,
First Circuit.

Submitted Oct. 10, 1986.

Decided Oct. 20, 1986.

Joseph S. Haas, Jr., on brief pro se.

Ronald F. Rodgers, Sr. Asst. Atty. Gen., Civil Bureau, and Stephen E. Merrill, Atty. Gen., Concord, N.H., on brief for defendants, appellees.

Before COFFIN, BOWNES and BREYER, Circuit Judges.

PER CURIAM.

Plaintiff appeals from the dismissal of his § 1983 action which, invoking double jeopardy principles, sought to prevent the state from trying plaintiff on various criminal misdemeanor charges. We review the background. Defendant was found guilty of various misdemeanors in a New Hampshire district court proceeding, and the district court transferred the case to the superior court. The district court proceeding was conducted pursuant to New Hampshire District Court Rule 2.14 which provides in part as follows:

> "In all prosecutions for misdemeanors and violations, the Court, in its discretion, may allow the defendant, upon advice of counsel, to plead not guilty, waive the presentations of evidence by the State, and the presentation of his defense. The Court shall require the prosecution to make an offer of proof. The Court may then find the defendant guilty and impose sentence. The defendant may then appeal to the Superior Court."

Contending, among other things, that he had never consented to proceeding under Rule 2.14 and that the state's proffer had been insufficient to sustain a conviction with the result that trial in the superior court would be barred by double jeopardy, defendant appealed directly from the district court order to the New Hampshire Supreme Court and also filed a motion for writ of prohibition seeking to prevent the superior court from exercising jurisdiction over him. The state supreme court declined the interlocutory appeal, denied the motion for writ of prohibition, and ordered the superior court to hold a hearing and determine whether the case was properly before it under Rule 2.14. The superior court thereafter determined plaintiff had not consented to proceed under Rule 2.14 and therefore remanded the case to the district court where, presumably, plaintiff will receive the type of trial he originally sought. Plaintiff then filed two actions in federal court. The first, a petition for habeas corpus, contended retrial in the district court was barred by double jeopardy. The petition was dismissed on the ground that plaintiff had not met the "in custody" requirement for habeas relief. This court

denied plaintiff a certificate of probable cause, and thus plaintiff's appeal in the habeas case was terminated. Plaintiff's second action, a civil rights complaint, contends that retrial in the district court after his "successful appeal" to the state supreme court would violate the double jeopardy clause. Plaintiff sought to enjoin his retrial unless and until the state supreme court determined whether the evidence proffered at the first trial was sufficient to convict. The district court dismissed the action concluding plaintiff could not use § 1983 to attack ongoing criminal proceedings. Plaintiff appeals from the dismissal of the § 1983 action.

We conclude that plaintiff's complaint failed to state any viable double jeopardy claim and consequently plaintiff is not entitled to relief. In *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 104 S.Ct. 1805, 80 L.Ed.2d 311 (1984), the Supreme Court ruled that the Massachusetts two tier system, under which a defendant claiming that the evidence received at the first tier was insufficient to convict him has no opportunity to secure judicial review of the sufficiency of the evidence but rather his sole recourse is a trial de novo in the superior court, does not violate double jeopardy principles. The court reasoned that in such a two tier system, a conviction at the first tier does not terminate the initial jeopardy, but rather the second tier is part of a single, continuous course of judicial proceedings. *Id.* at 308–310, 104 S.Ct. at 1813–14.

The New Hampshire system, like the Massachusetts one, provides for a trial de novo in the superior court after conviction in the district or municipal court. N.H. Rev.Stat.Ann. §§ 502–A:12, 599:1 (1983); *State v. Flynn*, 110 N.H. 451, 272 A.2d 591, 593 (1970) (an appeal to superior court vacates sentence of district court and entitles defendant to trial de novo). The plaintiff here is presenting essentially the same argument rejected in *Lydon:* Plaintiff claims the proffer or proof in the district court was insufficient to convict. Presented with the insufficiency of evidence/double jeopardy claim, the New Hampshire Supreme

Court, like the Massachusetts Supreme Court, refused to determine whether or not the evidence at the first tier was sufficient to convict, but rather remitted plaintiff to proceedings in the superior court. For the reasons stated in *Lydon*, this did not violate double jeopardy principles.

Plaintiff relies on Justice Brennan's concurrence in *Lydon* in which Justice Brennan indicated that if, after a judgment of conviction, an appellate court were presented with a claim of both trial error (where, were defendant to prevail, retrial would not be prevented by double jeopardy, *United States v. Ball*, 163 U.S. 662, 672, 16 S.Ct. 1192, 1195, 41 L.Ed. 300 (1896)) and evidentiary insufficiency (where, were defendant to prevail, retrial would be prevented by double jeopardy principles, *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)), the court could not permissibly ignore the evidentiary insufficiency claim, reverse on grounds of trial error, and remand for retrial. *Lydon*, 466 U.S. at 321–22, 104 S.Ct. at 1820–21. Plaintiff claims that is exactly what happened here. On interlocutory appeal to the New Hampshire Supreme Court, plaintiff claimed both trial error (no consent to Rule 2.14 procedure) and evidentiary insufficiency. The court ignored the latter and remanded for further proceedings with respect to the former.

We find no merit in plaintiff's claim. Justice Brennan was not talking about interlocutory appeals of the sort involved in this case. The New Hampshire court was not constitutionally obligated to entertain an interlocutory appeal on plaintiff's lack of consent issue; it could have waited until a final judgment of conviction had been rendered in the superior court before addressing the lack of consent issue. And the state supreme court also was not constitutionally obligated ever to review the sufficiency of the state's Rule 2.14 proffer. *Lydon, supra.* Consequently, it would defy reason to conclude that by affording plaintiff more process than he was due (i.e., a speedier review of the consent issue), the

court somehow became required to undertake a review of the proffer.

*Affirmed.*