Dover Municipal Court,
No. 4640.

STATE *v.* CHALMERS H. DAY.

Argued April 1, 1958.
Decided April 24, 1958.

*Louis C. Wyman,* Attorney General, *John J. Zimmerman,* Assistant Attorney General, and *T. Casey Moher,* city solicitor (*Mr. Zimmerman* orally), for the State.

*Philip C. Keefe* (by brief and orally), for the respondent.

DUNCAN, J. The resolution of the city council which purported to amend the ordinances of the city and to restrict portions of Main Street to one-way travel was not in the form prescribed by the city charter (Laws 1949, *c.* 430, *s.* 2, Pt. I, *subs.* 13, as amended by Laws 1953, *c.* 358, *s.* 5) ; nor was it shown to have been published as required by the compiled ordinances of the city. Compiled Ordinances of Dover (1939) *c.* I, *s.* 3. As the respondent's argument is understood, it is his contention that a public highway is one which is open to the public at large for travel, without restriction except by validly adopted police regulation (25 Am. Jur., Highways, *p.* 339, *s.* 2) ; that the purported regulation relating to Main Street was not legally adopted; and that Main Street, by virtue of the invalid regulation and consequent abandonment of full use of the highway, ceased to be a public highway, and will not again become one until it has been used as such for a period of twenty years. RSA 230:1. From this conclusion it is argued that the State failed to establish that the alleged offense occurred upon a public highway.

The action taken by the city council is in issue only as it bears upon the status of Main Street as a public highway. If it be assumed, arguendo, that the resolution adopted by the council was invalid for want of compliance with requirements of the charter (but see, *Town of Walkerton v. N.Y.C. & St. L. R.R. Co.,* 215 Ind. 206, 211, 212), we are of the opinion that the result for which the respondent contends does not follow. An invalid restriction would have no legal effect. It is not contended that Main Street was not a public highway prior to adoption of the resolution by the council. It follows that its status as a public highway was unchanged by reason of any invalid restriction.

If travel upon the highway was in fact restricted in mistaken reliance upon invalid action by the council, this would not constitute such an abandonment of rights by the public as to change the status of the highway as a public way. *State v. Morse,* 50 N. H. 9, 20; *Thompson v. Major,* 58 N. H. 242, 244. We therefore find it unnecessary to determine the validity of the action taken by the city council.

There was no error in the use of judicial notice in determining that the State had sustained its burden of proving the offense charged, and the respondent's motion to dismiss was properly

denied. *State* v. *Duranleau,* 99 N. H. 30; *State* v. *Deane,* 101 N. H. 127, 131.

*Exception overruled.*

All concurred.