**UNITED STATES of America,**

v.

**Yasmin BEHMANSHAH a/k/a Yasmin B. Shah a/k/a Y.B. Shah Yasmin Behmanshan, Appellant.**

No. 00–3556.

United States Court of Appeals, Third Circuit.

Argued July 15, 2002.

Decided Oct. 1, 2002.

---

Kimberly Homan, Argued, Boston, MA, for Appellant.

Leonard P. Stark, Argued, Assistant United States Attorney, Wilmington, Delaware, for Appellee.

Before McKEE, WEIS, and DUHE,* Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

Defendant–Appellant Dr. Yasmin Behmanshah was convicted and sentenced to 78 months' imprisonment for health care fraud and money laundering and to 60 months' imprisonment for several mail fraud counts, to be served concurrently. On appeal, she argues for the first time that the indictment and conviction for Count 1 (health care fraud and Count 22 (money laundering) were deficient; the indictment was constructively amended in violation of the Grand Jury Clause of the Fifth Amendment; the evidence was insufficient to support the convictions on some of the counts; erroneous jury instructions affected some of the counts; and that sentencing errors occurred. We affirm.

Inasmuch as we write only for the district court and the parties who are familiar with the case, we need not recite the factu-

al background except where necessary to our brief discussion.

## I. HEALTH CARE FRAUD, COUNT 1

Behmanshah contends that Count 1 does not state an offense of health care fraud under 18 U.S.C. § 1347 because it fails to identify the charged "execution" of the scheme. She alternatively contends that Count 1 is duplicitous, charging multiple offenses in a single count. These challenges are raised for the first time on appeal.

Behmanshah has waived her objection based on duplicity by failing to object before trial. Fed. R.Crim. Proc. 12(b)(2). Our review of this objection is therefor only for plain error. Fed.R.Crim.P. 52(b). Determining whether a count charges multiple offenses requires a determination of the appropriate unit of prosecution for the pertinent offense, *United States v. Haddy*, 134 F.3d 542, 548 (3rd Cir.), cert. denied, 525 U.S. 827, 119 S.Ct. 75, 142 L.Ed.2d 59 (1998), a determination that both defendant and the Government concede remained unresolved for § 1347 at the time of Behmanshah's trial. With this uncertainty in the law, the error if any occurred was not "plain". *See United States v. Castro*, 776 F.2d 1118, 1129 (3rd Cir.1985) ("To find plain error [under Rule] 52(b), the mistake need be so clear that 'the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it.'"), (quoting *United States v. Frady*, 456 U.S. 152, 163, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)), *cert. denied,* 475 U.S. 1029, 106 S.Ct. 1233, 89 L.Ed.2d 342 (1986).

---

* Honorable John M. Duhe. Jr., U.S. Court of Appeals for the Fifth Circuit, sitting by desig-
nation.

■ As for the claim that Count 1 fails to state an offense,[1] we note that Count 1 tracks the statutory language of § 1347, and contains 38 paragraphs detailing the specific practice comprising the health care fraud scheme, including multiple types of fraudulent billing practices. With the statutory language and these details in the charge, we need not decide whether the unit of prosecution is a scheme or an execution in order to conclude that the indictment sufficiently states an offense.

■ Defendant also contends that duplicity in Count 1 violates her Sixth Amendment right to be convicted only on a unanimous verdict, because the jurors may not have agreed on the same execution of the scheme. The district court did instruct the jury, without objection, that the jurors had to each agree "as to each and every element of each crime charged." Further, the guilty verdict on eleven separate mail fraud offenses establishes that the jury unanimously found that Behmanshah's conduct encompassed those acts. In view of these aspects of the jury instructions and verdict, we find no plain error.

## II. MONEY LAUNDERING, COUNT 22

Evidence supporting the conviction for money laundering, Count 22, showed that Defendant transferred $30,000 from her Electrotech account at PNC Bank (containing insurance proceeds) to another PNC account she maintained in the name of Practice Management, by drawing two checks for $15,000 each. This began a complex series of transfers, proven at trial, by which the Government established Defendant's intent to conceal the nature and ownership of the funds.

■ Defendant contends on appeal that Count 22 fails to state an offense because it does not charge that she knew the transaction involved the proceeds of unlawful activity, an essential element of 18 U.S.C. § 1956(a)(1), money laundering. Failure to allege the statutory elements is not fatal if alternative language is used or the essential element is charged by necessary implication. *United States v. Olson*, 262 F.3d 795, 799–800 (8th Cir.2001). We find such an implication in the allegations that Behmanshah conducted a transaction "which involved the proceeds of a specified unlawful activity ... (health care fraud), knowing that the transaction was designed in whole and in part to conceal ... the proceeds of said specified unlawful activity."

Defendant contends alternatively that the Government's evidence and argument as well as the jury instructions constructively amended Count 22 in violation of the Grand Jury Clause of the Fifth Amendment. The Fifth Amendment guarantees that an accused be tried only on those offenses presented in an indictment and returned by a grand jury. *Stirone v. United States*, 361 U.S. 212, 217–19, 80 S.Ct. 270, 273–74, 4 L.Ed.2d 252 (1960).

---

1. There is some question about the standard of review for this claim, with the Government suggesting at argument the applicability of *United States v. Cotton*, —— U.S. ——, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002). *Cotton* reviewed a defect in the indictment pertaining to drug quantity—not an essential element of the offense under the statute—holding that such a defect in the indictment was not jurisdictional and reviewable only for plain error. *Id.* at 1785. Before *Cotton*, our standard of review of a claim raised for the first time on appeal that the indictment fails to state an offense would be to construe the indictment liberally in favor of validity, *E.g., United States v. Cefaratti*, 221 F.3d 502, 507 (3d Cir.2000). We need not decide in this case whether *Cotton* should apply to a defect in the indictment omitting an essential element of the crime or will be limited to omissions of drug quantity, because we find the indictment sufficient under either standard of review.

■ Count 22 charged a deposit of $30,000 from an Electrotech account at PNC into a Practice Management account at Commonwealth Bank. The indictment erred in describing the moneys as transferred from Electrotech's PNC account and deposited into Practice Management's Commonwealth account, because in actuality both accounts were at PNC. (A transfer of $34,500 from the Practice Management PNC account to a Commonwealth account occurred a month later.)

Because the alleged error does not affect the elements of the crime charged, it is a variance rather than a constructive amendment. *See Castro,* 776 F.2d at 1121–22 & n. 1 (distinguishing constructive amendments from variances). If a variance between the indictment and the evidence "does not alter the elements of the offense charged, we will focus upon whether or not there has been prejudice to the defendant." *Id.* at 1122; *see also United States v. Syme,* 276 F.3d 131, 154 (3rd Cir.2002) ("The presumption of prejudice [of constructive amendments] under plain error analysis does not extend to the more frequently encountered category of variances from an indictment, which may be dismissed as harmless even when properly objected to at trial."). Behmanshah has failed to demonstrate any prejudice presented by the variance, so that no reversible error occurred. Nor did the jury instruction constructively amend the indictment.

■■ Defendant also contends that the evidence was insufficient to support the conviction for Count 22, for a variety of reasons. In response we note that the

indictment charged a transfer "on or about" September 10, 1998 from a PNC account to a Commonwealth account, and a transfer to Commonwealth did occur, albeit not on that date. Further, the interstate commerce element of the money laundering offense is satisfied by the use of an FDIC-insured institution,[2] as well as evidence that the transaction affected interstate commerce. The evidence established numerous transactions beginning after Behmanshah's home was searched and culminating months later with the funds being transferred overseas—evidence of Defendant's intent to conceal the nature and ownership of the proceeds of her unlawful activity, an essential element of the crime charged. The record also contains sufficient evidence to establish that Behmanshah knew the transaction involved proceeds of unlawful activity, as well as that the transaction in fact involved such proceeds.

We conclude that Behmanshah has demonstrated no reversible error with respect to her money laundering conviction.

### III. SUFFICIENCY OF THE EVIDENCE; JURY INSTRUCTION

We reject Behmanshah's challenges to the convictions for Counts 13, 18, & 21, finding sufficient evidence of the fraud to support those convictions for mail fraud.

■ Behmanshah also argues for the first time on appeal that a "willful blindness" jury instruction was inappropriate because unsupported by the evidence, and created a risk that she was convicted for negligence or recklessness, rather than for

---

2. At the Government's urging, we take judicial notice of the fact that PNC Bank is FDIC–insured, a fact readily verifiable with Westlaw access to PNC's SEC filings. *See* Fed. R. Evid. 201(b)(2)(allowing judicial notice of a fact "not subject to reasonable dispute in that it is … capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *see also In re Indian Palms Assocs., Ltd.,* 61 F.3d 197, 305 (3d Cir.1995) (judicial notice may be taken by the court of appeal).

knowledge beyond a reasonable doubt. The jury was instructed, without objection, that carelessness, negligence or foolishness were not the same as deliberate ignorance and not enough to support a conviction. We find this instruction amply addressed Behmanshah's concern and find the error, if any occurred, harmless, given that it could not have affected the verdict if no evidence supported it.

## IV. ALLEGED SENTENCING ERRORS

 We find no error under the facts presented to the district court in the court's treating fraud and money laundering separately, without grouping under USSG §§ 3D1.2. The money laundering began later than the fraud and involved different conduct, i.e., financial transactions rather than preparation and filing of billing records. We find no error in the court's application of the money laundering guideline (USSG § 2S1.1) rather that the more lenient guideline on fraud (§ 2F1.1). Ample evidence supports the finding that the money laundering was neither incidental to the fraud nor minimal in comparison to her fraud.

This Court has reviewed the evidence of intended and actual loss offered to the district court and finds no error in the court's findings, based on a preponderance standard Additionally, the enhancement for laundering more than $100,000 under § 2S1.1(b)(2)(C) is supported by the evidence. We find no other errors in the sentencing court's findings or in the sufficiency of the supporting evidence.

Defendant admits she has no meritorious *Apprendi* claim[3] under the current state of the law. Accordingly, we deny all relief to Behmanshah based on her alleged sentencing errors.

## V. CONCLUSION

For the foregoing reasons, we affirm the judgment of conviction and sentence imposed by the district court.

---

**3.** *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).