Merrimack
No. 2006-373

THE STATE OF NEW HAMPSHIRE

v.

GEOFFREY GAGNON

Argued: March 15, 2007
Opinion Issued: May 10, 2007

*Kelly A. Ayotte*, attorney general (*Susan P. McGinnis*, assistant attorney general, on the brief and orally), for the State.

*Rath, Young and Pignatelli, P.C.*, of Concord, (*Brian T. Tucker* on the brief and orally), for the defendant.

DUGGAN, J. The defendant, Geoffrey Gagnon, was charged with reckless driving, RSA 265:79 (2004), and, after a bench trial in Concord District Court (*Boyle*, J.), was convicted of the lesser included offense of negligent driving, RSA 265:79-b (2004). The sole issue on appeal is whether the State proved that the defendant operated his vehicle on a "way" as defined by RSA 259:125, I (Supp. 2006). We reverse.

The following facts were adduced at trial. On April 17, 2005, at about 8:50 p.m., Fire Chief Richard Whitney and Firefighter David Dumas were working just outside the fire station on Loudon Road in Concord when Whitney heard the screeching of tires behind him. The car was going "way too fast" and went between Whitney and Dumas. Whitney saw the car, a black Mercedes, head behind the station. Concerned that the car had almost "clipped" them, Whitney instructed Dumas to pull a rescue vehicle out of the station to block the Mercedes from leaving.

Whitney then walked around to the back of the building and approached the driver who had stopped and gotten out of the vehicle. Whitney asked the defendant why he had been driving so fast. The defendant said that he was sorry and that he was looking for an ATM. The defendant then added

that he was trying to get directions, thought he was at the 7-11 next door and had not seen Whitney or Dumas. Whitney called the police.

The defendant was charged with reckless driving. Prior to trial, he notified the State pursuant to District Court Rule 1.22 that he "d[id] not waive formal proof that he engaged in reckless operation on a 'way' as defined in RSA 259:125." At trial, after the State rested its case, the defendant moved to dismiss arguing, in part, that the State had failed to prove that he operated the vehicle on a "way." The court denied the motion stating, "The Court's going to take judicial notice that this is a way."

At the close of the evidence, the court found the defendant not guilty of reckless driving because the State failed to prove that the defendant had acted recklessly. The court, however, found the defendant guilty of the lesser included offense of negligent driving. The defendant then moved to set aside the verdict, arguing that the State had failed to prove that the paved area around the fire station was a "way" as defined by RSA 259:125, I, and that the court erred in taking judicial notice that the paved area is a "way." The State objected. The court denied the motion stating, "No reasonable person could conclude that the parking area and access area to the front of the Concord Fire Station fails to meet the definitions of 'way' as established by the legislature. RSA 259:125 and RSA 265:1."

On appeal, the defendant again argues that there was insufficient evidence that he operated on a way, and that the court erred by relying on judicial notice to fill the evidentiary void. We begin with the defendant's contentions concerning judicial notice, and review the court's decision to take judicial notice for an unsustainable exercise of discretion. *State v. Cox*, 133 N.H. 261, 266 (1990); *see State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining "unsustainable exercise of discretion" standard).

New Hampshire Rule of Evidence 201(a) provides that

> [a] court may take judicial notice of a fact. A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Rule 201 thus describes two categories of facts that are subject to judicial notice: (1) those that are generally known; and (2) those capable of ready and accurate determination. "In practice, courts often have difficulty distinguishing between [the two categories]." J. WEINSTEIN & M. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 201.10[1], at 201-19 (J. McLaughlin, ed., 2d ed., 2007). However, the "underlying theory [of judicial notice] is that there is no need to prove what everyone already

knows." C. DOUGLAS, NEW HAMPSHIRE EVIDENCE MANUAL 59 (4th ed. 2000).

The applicable definition of "way" is found in RSA 259:125, I, which provides:

> Except as provided in paragraph II, the entire width between the boundary lines of any public highway, street, avenue, road, alley, park or parkway, or any private way laid out under authority of statute, or any such way provided and maintained by a public institution to which state funds are appropriated for public use
>
> . . . .

Thus, in order to satisfy RSA 259:125, I, in this case, each of the following requirements must be met: (1) the "way" must be provided by a public institution; (2) it must be maintained by a public institution; and (3) the public institution must be the beneficiary of state funds, appropriated for public use.

The State argues that it was proper for the trial court to take judicial notice that the paved surface around the fire station is a "way" because the surface is: (1) generally known to be a "way"; and (2) its status as a "way" is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

▇ With respect to the State's first argument, even if we assume *arguendo* that it is a matter of general knowledge that the fire department is a "public institution" that provides and maintains the paved surface around the fire station, we are not prepared to conclude that it is a matter of general knowledge that the fire department is the recipient of state funds, appropriated for public use. Thus, unlike a typical road, for example, we hold that the paved surface around the fire station is not generally known to meet the definitional elements of a "way." *See State v. Deane*, 101 N.H. 127, 131 (1957) (court did not err in taking judicial notice that Route 3 in Nashua was a "way").

With respect to the State's second argument, the trial court, in taking judicial notice that the surface at issue was a "way," did not specify which source it believed could provide the requisite "accurate and ready determination" of whether the fire department was the beneficiary of state funds appropriated for public use. *See* N.H. R. Ev. 201(a)(2). Nor did the State, at trial, make any proffer in this regard. On appeal, the State argues that this fact was capable of accurate and ready determination by resort to a line in the State's budget. In support of this argument, it has attached to its brief a page from the 2006-2007 State of New Hampshire Operating

Budget that has a line item of $81,300 in each year of the biennium for "Concord—Fire and Municipal Svcs." The State's effort comes too late.

Where, as here, a court takes discretionary judicial notice of a fact because it considers the fact to be "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," N.H. R. Ev. 201(a)(2), "[t]he judge's choice of sources of information [is] unlimited." N.H. R. Ev. 201 Reporter's Notes (citation omitted). However, implicit in this principle is that a choice must be made. This is not to say that the source necessarily must be produced in court; rather, the source simply must be identified. If the court taking the notice does not identify the source upon which it is relying, the ability of a party to dispute it is frustrated, *see* N.H. R. Ev. 201(e) (party entitled to opportunity to be heard as to propriety of taking judicial notice), and an appellate court cannot meaningfully review whether the trial court resorted to a source "whose accuracy cannot reasonably be questioned" because no source was ever named. *See* J. WEINSTEIN & M. BERGER, WEINSTEIN'S FEDERAL EVIDENCE § 201.31[4][a], at 201-68 (J. McLaughlin, ed., 2d ed., 2007) ("the court taking judicial notice should ensure that the record reflects the fact noticed and any sources consulted").

 Indeed, in the context of identical (or nearly identical) rules of evidence, courts routinely identify the sources upon which their taking of judicial notice is based. *See, e.g.*, *Patrolmen's Benev. Ass'n of City of New York, Inc. v. City of New York*, No. 02 Civ. 3976(BSJ)(FM), 2004 WL 3262798, at *6 (S.D.N.Y. Aug. 19, 2004) (ruling, in context of identical federal rule of evidence, that question of whether agency was recipient of funds from City could be resolved by taking judicial notice of facts in City's budget); *March Madness Athletic Ass'n, L.L.C. v. Netfire*, 310 F. Supp. 2d 786, 803 n.65 (N.D. Tex 2003); *United States v. Behmanshah*, 49 Fed. Appx. 372, 376 n.2 (3d Cir. 2002); *Kirby v. Field*, 923 So. 2d 131, 138 n.10 (La. Ct. App. 2005), *cert. denied*, 925 So.2d 1230 (La. 2006); *Doe v. Golden & Walters, P.L.L.C.*, 173 S.W.3d 260, 264-65 (Ky. Ct. App. 2005). Because the trial court did not identify, on the record or in its orders, the budget as the source to which it was referring, we reject the State's argument. Thus, on the facts of this case, we are unable to conclude that the trial court sustainably exercised its discretion in taking judicial notice that the paved surface around the fire station was a "way."

In addition, and assuming *arguendo* it would be permissible, we decline to use the budget as a source to take judicial notice for the first time on appeal, *see* N.H. R. Ev. 201(f), because the State has not expressly invoked New Hampshire Rule of Evidence 201(d) by requesting that we do so, and

because we decline to exercise our discretion on matters not presented to the trial court, *see* N.H. R. Ev. 201(c); *compare Deane*, 101 N.H. at 131 (upholding judicial notice that Route 3 in Nashua is a public way because "the defendant was aware that the court was taking judicial notice and was not deprived of the opportunity of disputing the matter judicially noticed"), *with State v. Duranleau*, 99 N.H. 30, 32 (1954) (emphasizing the right of the defendant to dispute the taking of judicial notice in the trial court and noting that "fairness in trial practice demands that the opposing party have an opportunity to dispute it").

At oral argument the State also contended that the funding requirement is satisfied because the City of Concord receives funds from the State to train the City's firefighters. We decline to consider this argument because it was not raised in the State's brief. *State v. Bader*, 148 N.H. 265, 277 (2002), *cert. denied*, 538 U.S. 1014 (2003).

Our holding is not inconsistent with *State v. Barkus*, 152 N.H. 701, 710 (2005). There, the State filed a motion *in limine*, requesting that the court take judicial notice that "Interstate 93 is generally known within the jurisdiction of this court to be such a 'public highway or street' and is capable of ready determination by simply verifying the same through the records that are maintained by the New Hampshire Department of Transportation." *Id.* at 709-10. In connection with the motion, the State made a proffer concerning records at the Department of Transportation that could provide easily obtainable, accurate and ready evidence that I-93 is a "way." *Id.* We agreed with the State and held that the trial court erred by not taking mandatory judicial notice that I-93 was a "way." *Id.* at 710; *see also State v. Day*, 101 N.H. 289, 290-91 (1958) (proper to take judicial notice that Main Street in Dover is a way). Here, however, the record does not indicate that the State made a similar proffer *at trial* with respect to the paved area around the fire station. Moreover, *Barkus* involved mandatory judicial notice whereas the instant case involves discretionary judicial notice. Thus, *Barkus* is distinguishable.

Before concluding, we address one final issue. The trial court stated, on the record, that it *found* that the paved surface met the definition of a "way." To the extent that the trial court engaged in fact finding, the defendant's challenge to the sufficiency of the evidence is squarely before us. To prevail in a challenge to the sufficiency of the evidence, the defendant bears the burden of proving that no rational trier of fact, viewing the evidence in the light most favorable to the State, could have found guilt beyond a reasonable doubt. *State v. Drake*, 155 N.H. 169, 173 (2007).

In arguing that the trial court properly deemed the paved surface around the fire station a "way," the State points out that Fire Chief

Richard Whitney testified that, although it was rare for others to use the area, there were no restrictions on access to it and it was maintained by the employees of the fire department and City of Concord Department of Public Works. Citing RSA 153-A:2, XVIII (Supp. 2006) (defining "public agency" to include subdivisions of the state that provide "firefighting services"), the State then contends that the fire department is a public institution. Thus, the State argues, the surface at issue was provided and maintained by a public institution. Even assuming, without deciding, that the evidence supports the State's position that the surface was provided and maintained by a public institution, the definition of "way" contains an additional requirement that the Concord Fire Department be an "institution to which state funds are appropriated for public use." We have reviewed the transcript and materials provided to us in connection with this appeal, and do not conclude that any rational trier of fact, viewing the evidence in the light most favorable to the State, could have found beyond a reasonable doubt that the Concord Fire Department was an institution to which state funds are appropriated for public use. *Drake*, 155 N.H. at 173.

Accordingly, we reverse the defendant's conviction.

*Reversed.*

BRODERICK, C.J., and DALIANIS, GALWAY and HICKS, JJ., concurred.